IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JACQUELINE M. FOSTER                                                                                       PLAINTIFF

vs.                                                    Civil No. 6:21-cv-06104

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                          DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jacqueline M. Foster ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.      Background:**

Plaintiff originally filed her disability applications on September 8, 2015. (Tr. 37).[1] In her applications, Plaintiff alleges being disabled due to chronic back pain, knee problems, diabetes, IBS, and depression. (Tr. 291). Plaintiff alleged an onset date of September 3, 2014. (Tr. 37). Plaintiff's applications were denied initially on December 11, 2015, and these applications were

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

denied again upon reconsideration on March 29, 2016. (Tr. 37). Plaintiff requested an administrative hearing on these denied applications, and this hearing request was granted. (Tr. 56-86). Subsequent to that hearing, the ALJ entered a fully unfavorable decision on Plaintiff's case. (Tr. 34-55). Plaintiff appealed that decision to this Court, and Plaintiff's case was reversed and remanded for further administrative review and for a full evaluation of Plaintiff's subjective allegations. *See Foster v. SSA,* 6:18-cv-06132 (W.D. Ark. Dec. 19, 2019).

In the interim, Plaintiff filed a subsequent disability application on September 17, 2019, which was consolidated with the remanded claim by order of the Appeals Council. Thereafter, another ALJ held a second administrative hearing. (Tr. 2040-2082). At this hearing, Plaintiff was present and was represented by counsel, Laura McKinnon. *Id.* Plaintiff and Vocational Expert ("VE") Stacy McKisick testified at this hearing. *Id.*

Subsequently, on June 6, 2020, after this second administrative hearing, the ALJ entered a second unfavorable decision. (Tr. 1964-2039). This opinion is detailed and fifty-nine (59) pages in length. *Id.* In this opinion, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2018. (Tr. 1970, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 3, 2014, her alleged onset date. (Tr. 1970, Finding 2).

The ALJ determined, through her date last insured, Plaintiff had the following severe impairments: fibromyalgia, degenerative disc disease of her cervical spine, degenerative disc disease of her lumbar spine, degenerative joint disease of her knees, type II diabetes mellitus, status post recurrent right inguinal hernia repair with mesh, obesity, major depressive disorder, bipolar disorder, unspecified personality disorder, unspecified anxiety disorder, and posttraumatic stress disorder. (Tr. 1970, Finding 3). The ALJ also determined Plaintiff did not have an impairment or

a combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 1973-1975).

The ALJ determined Plaintiff was born on February 2, 1969, and she was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), on her disability alleged onset date.  (Tr. 2023, Finding 7).  The ALJ determined Plaintiff had at lest a high school education and was able to communicate in English.  (Tr. 2024, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective allegations and determined her Residual Functional Capacity ("RFC").  (Tr. 1975-2023, Finding 5).  First, the ALJ evaluated Plaintiff's subjective allegations and found they were not entirely valid.  *Id.*  Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).  In addition, the claimant could climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, and she could balance, stoop, kneel, crouch, and crawl occasionally.  The claimant should avoid concentrated exposure to extreme cold or excessive vibration.  Finally, she could make simple work related decisions; maintain concentration, persistence and pace for simple tasks; understand, carry out and remember simple work instructions and procedures; adapt to changes in the work setting which were simple, predictable and could be easily explained; and have occasional and superficial interaction with co-workers, supervisors, and the public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW.  (Tr. 2023, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 2024-2025, Finding 10).  In making this determination, the ALJ relied upon the testimony of the VE.  *Id.*  Based upon the VE's testimony, the ALJ determined Plaintiff retained the capacity to perform work as a housekeeping cleaner (light, unskilled) with approximately

110,000 such jobs in the national economy; and printed circuit board beveler (light, unskilled) with approximately 60,000 such jobs in the national economy. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability—as defined by the Act—from September 3, 2014 (alleged onset date) through July 6, 2020 (ALJ's decision date). (Tr. 2025, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 1957-1963). This request was denied. *Id.* On July 6, 2021, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13-14. This matter is now ripe for consideration.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least

4

one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 13. In making this claim, Plaintiff raises four arguments for reversal: (A) the ALJ erred in assessing her subjective allegations; (B) the ALJ erred by failing

5

to fully and fairly develop the record; (C) the ALJ erred at Step Two of the Analysis; and (D) the ALJ erred in his RFC determination. *Id.* The Court will consider each of these arguments.

### A. Subjective Allegations

Plaintiff claims the ALJ erred in evaluating her subjective allegations of disability. ECF No. 13 at 9-11. Plaintiff claims this Court entered a prior remand order directing the SSA to fully consider her complaints, and the SSA did not comply with that directive. *Id.* In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's allegations of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in his evaluation of Plaintiff's subjective allegations. (Tr. 1975-2023). Indeed, the ALJ used a large amount of his fifty-nine-page opinion outlining her subjective allegations and noting inconsistencies between those allegations and the record. *Id.* For instance, the ALJ noted the following regarding her daily activities:

> Medical records showed that in March 2014 she was the choir director at her church (Ex. 54F, 57F, 58F). In talking with Dr. Parsons in February 2019, the claimant indicated that she was able to drive, although she had no vehicle. The claimant also denied needing any assistance with activities of daily living, shopping, or paying bills (Ex. 63F). In March 2019, she reported that she rearranged and repurposed furniture at times (Ex. 83F, 88F). In October 2019, she reported that she had helped move some furniture (Ex. 82F).

(Tr. 2001-2002). The ALJ also considered her work history. (Tr. 2003). The ALJ noted that although Plaintiff had a "fair work history," the ALJ also found that "the significance of the claimant's work history is outweighed by other substantial evidence in this claim." *Id.* Furthermore, the ALJ carefully summarized Plaintiff's medical records and noted how she was receiving treatment and medication for her impairments that appeared to be effective. (Tr. 1975-

2023). Based upon the Court's review, there is no basis for reversal on this issue. *See, e.g., Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints . . . if there are inconsistencies in the record as a whole").

### B. Development of the Record

Plaintiff claims the ALJ erred by failing to fully and fairly develop the record in this case. ECF No. 13 at 11-17. Plaintiff claims that because this case has been on-going for so long (since 2014), the ALJ should have ordered additional development:

> In between remand and the second hearing and adjudication, the relevant time period (RTP) had expanded from 2014 to 2020. Plaintiff's medical condition had markedly deteriorated with the addition of new diagnoses and medically determinable impairments.

*Id.* at 12.

Upon review of Plaintiff's case and the transcript in this matter, however, the ALJ obtained records from several sources, treating and non-treating alike. This transcript also includes records that are as recent as March and April of 2020. (Tr. 2004). Indeed, the transcript in this case is over 4,000 pages.

While Plaintiff is correct the ALJ had the duty to fully and fairly develop the record in this case, that duty is not without limits. *See, e.g., Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004) (recognizing the ALJ's duty develop the record in a social security disability case). Indeed, the record need only be a "reasonably complete record." *See Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, upon review of the transcript in matter, the Court finds this record is "reasonably complete." Furthermore, to be entitled to a remand for the ALJ's failure to develop the record, Plaintiff must demonstrate prejudice. Here, Plaintiff has not made this demonstration; thus, she is not entitled to a remand. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent prejudice or unfairness, we will not remand.").

### C. Step Two of the Analysis

Plaintiff claims the ALJ erred by finding her IBS and anemia were non-severe impairments. ECF No. 13 at 17. In his decision, the ALJ found Plaintiff suffered from the following severe impairments: "fibromyalgia, degenerative disc disease of her cervical spine, degenerative disc disease of her lumbar spine, degenerative joint disease of her knees, type II diabetes mellitus, status post recurrent right inguinal hernia repair with mesh, obesity, major depressive disorder, bipolar disorder, unspecified personality disorder, unspecified anxiety disorder, and posttraumatic stress disorder." (Tr. 1970, Finding 3). The ALJ did not find Plaintiff suffered from any other severe impairments.

To qualify as a "severe impairment," that impairment must more than minimally impact a claimant's ability to work:

> An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two.

*See Kirby v. Astrue,* 500 F. 3d 705, 707-08 (8th Cir. 2007) (internal citations and quotations marks omitted).

In the present action, the Court finds the ALJ properly found Plaintiff's IBS and anemia were not severe impairments. As for IBS, the ALJ recognized the following:

> While the claimant had issues with constipation, irritable bowel syndrome, levator ani syndrome, and fecal incontinence, it appeared to be intermittent. There was no indication that the claimant was using any type of incontinence products. The medical providers indicated that the fecal incontinence, it appeared to be intermittent. There was no indication that the claimant was using any type of incontinence products. The medical providers indicated that the fecal incontinence was a short term side effect related to the Botox injection. It appeared that with medication changes her symptoms improved.

(Tr. 1971). As for anemia, the ALJ recognized her anemia had been resolved: "A telephone call from Melinda Galloway, LPN, with CARTI in February 2019 indicated that her labs were fine and

she was not anemic (Ex. 72F). A capsule endoscopy performed in January 2020 showed iron deficiency anemia (Ex. 81F, 82F). However, there was no indication that the claimant underwent any additional iron infusions." (Tr. 1973). Based upon this review, the Court cannot find a basis for reversal on this issue and finds the ALJ's Step Two determination is supported by substantial evidence in the record.

### D. RFC Determination

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 13 at 17-21. Specifically, Plaintiff argues the ALJ erred in incorporating her need for a walker or a wheelchair in his RFC assessment. *Id.* Plaintiff is correct that on October 18, 2018, Paula Sargent, APRN[3] recommended Plaintiff receive physical therapy and use a walker to assist in her therapy:

> Physical therapy order for her and also a Rolator walker order for her to assist in ambulating, exercise daily walking recommended. She has to take frequent rest periods during walking exercise and I think a rolator walker may provide her with the ability to be more active rather than avoiding walking.

(Tr. 3838). The ALJ recognized this finding in his opinion. (Tr. 1995). In August of 2018, Plaintiff was also "provided with an order for a wheelchair," and the ALJ recognized this notation in his opinion as well. (Tr. 1995).

The ALJ also noted in his opinion, however, that these findings were not consistent with other, more persuasive findings from her other doctors. For example, the ALJ noted the following:

> After an examination by Dr. Nair in April 2018, he opined that the claimant was restricted from physically strenuous activity, but she was ambulatory and was able to carry out work at a light or sedentary nature (Ex. 55F, 72F). This opinion from a treating physician appeared to be consistent with the overall record and was given weight in this matter.

(Tr. 2005). Further, in November of 2019 and March of 2020, her gait was found to be normal. (Tr. 2013, 4402, 4475).

---

[3] The abbreviation "APRN" stands for "Advanced Practice Registered Nurse."

Finally, as Defendant argues, to "show a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). SSR 96-9p. Plaintiff has not pointed to any evidence that would meet these requirements." *See* ECF No. 14 at 13-14. Upon review of Plaintiff's case and the transcript in this matter, the Court agrees with this argument and finds Plaintiff has not provided sufficient evidence to demonstrate her need for an ambulatory device. Thus, the Court cannot find a basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 1st day of February 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE