IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JACQUELINE M. FOSTER                                                                PLAINTIFF

v.                                          Case No. 6:21-cv-6104

ANDREW M. SAUL, Commissioner,
Social Security Administration                                                      DEFENDANT

## ORDER

Before the Court is a Report and Recommendation issued on February 1, 2022, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 15.  Plaintiff has filed timely objections.  ECF No. 16.  The Court finds the matter ripe for consideration.

## BACKGROUND

On September 8, 2015, Plaintiff first applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Title II of the Social Security Act ("Security Act").  Tran. at 37.[1]  Plaintiff alleged that her disabled status commenced on September 3, 2014, and was caused by a combination of chronic back and knee pain, depression, IBS, and diabetes. *Id*. at 291-92.  Plaintiff's initial application was denied on December 11, 2015, and denied again upon reconsideration on March 29, 2016.  *Id*. at 37.

On April 26, 2016, Plaintiff filed a written request for an administrative hearing on her DIB application.  *Id*.  A hearing was held on November 30, 2017, before Administrative Law Judge ("ALJ") Bradley L. Davis.  *Id*.  On February 14, 2018, ALJ Davis denied Plaintiff's application, concluding that Plaintiff was not disabled because of her capacity to still perform sedentary work.

---

[1] "Tran." references the extensive case transcript created by the Social Security Administration for its most recent decision in this matter, found in ECF Nos. 11-1 through 11-40.  The page number following "Tran." represents the page number listed on the transcript's pages, not the ECF page number.

*Id*. at 39-49.  On December 21, 2018, Plaintiff appealed the decision of ALJ Davis in this Court. *See Foster v. SSA*, 6:18-cv-6132 (W.D. Ark. Dec. 19, 2019).  Judge Bryant subsequently issued a Report and Recommendation which recommended that the decision of ALJ Davis be reversed and remanded.  The Court then adopted Judge Bryant's recommendation and reversed and remanded Plaintiff's case to the Commissioner for further consideration pursuant to 42 U.S.C. § 405(g). While Plaintiff was waiting for the resolution of her appeal of ALJ Davis' decision, she filed an additional DIB application on September 17, 2018.  Tran. at 1967.  That renewed application was consolidated with her initial application that was sent to the Commissioner for reconsideration.  *Id*.

On May 12, 2020, a hearing was held before ALJ Thomas Cheffins regarding Plaintiff's consolidated and remanded applications.  *Id* at 1966-68.  Upon reviewing the record, ALJ Cheffins denied Plaintiff's application on June 6, 2020.  *Id*. at 1970-2025.  In reaching this conclusion, ALJ Cheffins determined that Plaintiff's impairments left her capable of performing a limited range of "light work," and that the testimony of vocational expert Laura McKinnon indicated that there existed a significant number of jobs in the economy that Plaintiff could perform.  *Id*. at 2024-25. Thus, ALJ Cheffins found that Plaintiff did not meet the definition of "disabled" and did not qualify for DIB.  *Id*.

On July 6, 2021, Plaintiff filed her Complaint, pursuant to 42 U.S.C. § 405(g), challenging ALJ Cheffins' determination.  ECF No. 1.  In her Appeal Brief, Plaintiff argued that ALJ Cheffins erred in assessing Plaintiff's subjective allegations, failed to fully and fairly develop the record, erred in determining the extent of her severe impairments, and erred in determining her residual functional capacity.  ECF No. 13, p. 7-20.  Judge Bryant subsequently issued the instant Report and Recommendation.  ECF No. 15.  Judge Bryant recommends that ALJ Cheffins' determination denying benefits to Plaintiff be affirmed because it is supported by substantial evidence in the

record. *Id*. at p. 11. Plaintiff filed timely objections to Judge Bryant's recommendation, arguing that Judge Bryant had erroneously concluded that ALJ Cheffins fairly developed the record and that substantial evidence supported the assessment of Plaintiff's residual functional capacity. ECF No. 16, p. 1-5.

## DISCUSSION

Plaintiff has made timely objections to Judge Bryant's recommendation. Therefore, the Court must conduct a de novo review of the aspects of Judge Bryant's disposition at which Plaintiff's objections are directed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2)-(3). The aspects of Judge Bryant's recommendation that Plaintiff has not objected to will be reviewed for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994).

Judge Bryant's Report and Recommendation concludes that each of Plaintiff's four arguments in her appeal brief are inadequate to overturn the decision of the ALJ. ECF No. 15. For Plaintiff's argument regarding her subjective allegations of disability, Judge Bryant determined that the ALJ properly supported his decision to discount Plaintiff's subjective allegations because of inconsistencies in the record and treatments that Plaintiff had received for her symptoms. *Id*. at p. 6-8. Regarding Plaintiff's arguments that the ALJ did not properly develop the record, Judge Bryant determined that the extensive record with recent medical examinations indicated that the ALJ satisfied his duty to develop the record. *Id*. at p. 8. Judge Bryant notes that a record does not need to be wholly exhaustive and contends that Plaintiff has also failed to demonstrate that she suffered prejudice as the result of any shortcomings in the record. *Id*. As to Plaintiff's argument that the ALJ erred in finding that her IBS and anemia were not severe impairments, Judge Bryant determines that the ALJ's decision was supported by substantial evidence that indicated those impairments were controlled with medication and did not reach the

required level of severity. *Id*. at p. 9-10. For Plaintiff's final argument that the ALJ erred in determining her residual functional capacity, Judge Bryant determines that there is substantial evidence in the record to support the ALJ's determination. *Id*. at p. 10-11. Judge Bryant specifically notes that the ALJ found certain doctors' opinions more persuasive than the opinions of non-doctors regarding Plaintiff's need for a walker or wheelchair and her capacity to walk using her own power. *Id*.

Plaintiff filed two intertwined objections to Judge Bryant's report and recommendation, arguing that the ALJ did not fully develop the record and consequently erred in making his residual functional capacity determination. ECF No. 16. First, Plaintiff argues that Judge Bryant's conclusion that the ALJ satisfied his obligation to fully and fairly develop the record is incorrect. *Id*. at p. 1-4. Plaintiff contends that there was not enough documentation and consideration of her most recent physical state in light of the fact that there was nearly a six-year gap between her initial application and the most recent ALJ denial. *Id*. at p. 2. Plaintiff also notes that there is a gap in the medical opinion evidence, stating that two medical professionals evaluated the period from 2014 to 2016 and that two other medical professionals evaluated the period from 2018 to 2019. *Id*. at p. 3. Plaintiff asserts that the two-year gap in evaluations and the lack of any professional evaluating the record as a whole makes the record before the ALJ inadequate. *Id*. Plaintiff further argues that this shortcoming in the record resulted in the ALJ assessing Plaintiff's residual functional capacity incorrectly. *Id*. at p. 4-5. Specifically, Plaintiff notes that medical opinions regarding her need for a walker or wheelchair, if properly considered, would have changed her residual functional capacity and she would not have been denied DIB. *Id*. Without more recent medical opinions, Plaintiff asserts that the residual functional capacity assessment made by the ALJ is wholly unreliable and cannot be affirmed. *Id*.

A court can review any final decision of the Commissioner of Social Security and shall affirm any finding that is supported by "substantial evidence." 42 U.S.C. § 405. A court may only reverse findings of an ALJ if there is not substantial evidence to support the findings or the findings result from an error of law. *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). "It is not the role of this court to reweigh the evidence presented to the ALJ or to try the issue in this case de novo." *Cox v. Astrue*, 495 F.3d 614, 616 (8th Cir. 2007) (quotation omitted). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Byes*, 687 F.3d at 915 (citation omitted). Evidence that supports and detracts from an ALJ's decision must be considered in making the substantial evidence determination. *See id*. (citations omitted). "If substantial evidence supports the Commissioner's conclusions, this court does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome." *Id*. (quotation omitted).

"Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004) (citations omitted). The duty to develop the record exists even when a claimant is represented by counsel during the administrative hearing. *See id*. "Failing to develop the record is reversible error when it does not contain enough evidence to determine the impact of a claimant's impairment on his ability to work." *Byes*, 687 F.3d at 916 (citations omitted). An ALJ is required to order further medical examination only when the current record is inadequate to determine whether a claimant is disabled. *See Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (citation omitted).

"To be eligible for disability insurance benefits, a claimant has the burden of establishing the existence of a disability under the Act." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.

2001) (citing 42 U.S.C. § 423(a)(1)(D)). To prove a disability, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In evaluating a claim for DIB benefits, the Commissioner must apply a five-step sequential analysis that determines: (1) whether the claimant has engaged in substantial gainful activity since filing the claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given their age, education, and experience. 20 C.F.R. § 404.1520(a)(4). Step five is the assessment of a claimant's Residual Functional Capacity ("RFC"), which is the work a claimant can do despite their limitations. *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1545(a)(1). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall* at 1217.

   The Court finds that the ALJ's denial of Plaintiff's claim must be upheld. As to Plaintiff's first objection, the Court finds that the ALJ sufficiently fulfilled his obligation to fully develop the record. The record curated by the ALJ is extensive and eclipses 4,000 pages. The record cites the medical treatment and opinions generated over roughly seven years for each of the severe impairments the ALJ found that Plaintiff possessed. Tran. at 1975-2025. Plaintiff's key argument is that the record is nevertheless inadequate because the ALJ did not order a new RFC determination be conducted to make up for prior RFC assessments that she asserts are outdated

and are not comprehensive in light of the full record. However, the Court does not view the record upon which the ALJ made the most recent RFC determination as insufficient for making that new determination. The medical reports generated from in-person examinations of Plaintiff by various medical professionals extend to April 2020, which is only one month prior to the hearing held before the ALJ on Plaintiff's claim. The Court views this as sufficiently recent medical opinion evidence that when combined with the rest of the record would allow the ALJ to reach an RFC determination without necessitating a new independent RCF opinion be conducted. *See Johnson*, 627 F.3d at 320 (holding that recent examinations by a doctor regarding a claimant's mental capacity were sufficient to develop the record and that a new IQ test was not necessary). Therefore, the Court does not find that the lack of a new independent RFC opinion makes the ALJ's determination of Plaintiff's disability invalid and indicative of a failure of his duty to develop the record. *See Byes*, 687 F.3d at 916.

Regarding Plaintiff's second objection, the Court finds that substantial evidence supports the ALJ's evaluation of Plaintiff's RFC. Plaintiff's key argument is that the ALJ did not give appropriate weight to medical opinions which determined that Plaintiff required a walker or wheelchair, which is a requirement that would have significantly changed Plaintiff's RFC determination. However, the ALJ cited to in-person medical examinations conducted in 2017, 2018, and 2020 that concluded that Plaintiff had the capacity to move on her own and did not require assistance devices. Trans. at 2004, 2013-14. The ALJ also examined conflicting medical opinions but explained why he did not give those opinions the same weight. Trans. at 2011, 2015-16. This weighing of the evidence resulted in the RFC determination that Plaintiff was capable of "light work" and that there were numerous jobs in the economy that Plaintiff could still do. Tran. at 2022-25. Weighing the evidence is the ALJ's role and the Court cannot usurp the ALJ's

determination of how much weight it has given to the various evidence in the record. *See Cox*, 495 F.3d at 616. The Court is only tasked with determining if the evidence that that the ALJ replied upon when determining Plaintiff's RFC can be considered "substantial." *Byes*, 687 F.3d at 915. The Court finds that the medical evidence the ALJ used to determine Plaintiff's RFC meets this requirement. The fact that the evidence Plaintiff has highlighted could also be considered "substantial" and could support a different determination is not sufficient for the Court to overturn the ALJ's determination. *See id*. Accordingly, the Court is unable to reverse the determination by the ALJ regarding Plaintiff's RFC.

As to Judge Bryant other recommendations regarding Plaintiff's subjective allegations and the extent of her severe impairments, the Court finds no plain error in his reasoning and will also adopt those aspects of Judge Bryant recommendations. *See Griffini*, 31 F.3d at 692.

## CONCLUSION

Upon *de novo* review and for the reasons stated above, the Court finds that Judge Bryant's Report and Recommendation (ECF No. 15) should be and hereby is adopted *in toto*. The final decision of ALJ Cheffins denying Plaintiff's application for benefits is hereby **AFFIRMED**.

**IT IS SO ORDERED**, this 18th day of May, 2022.

                                              /s/ Susan O. Hickey
                                              Susan O. Hickey
                                              Chief United States District Judge